Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2861 | **DATE** | 5/18/2000 |
| **CASE TITLE** | Harold Lee Tineybey, et al vs. Howard Peters, III, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 23 May 00 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  (Consolidated for all purposes with 99 C 3005, 99 C 3009 and 99 C 4014) ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss Counts I and II of plaintiffs complaint is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

WAP — courtroom deputy's initials

number of notices

MAY 2 2 2000 date docketed

docketing deputy initials

Date/time received in central Clerk's Office — mailing deputy initials

date mailed notice

Document Number

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 18 2000
Judge Harry D. Leinenweber
U. S. District Court

HAROLD LEE TINEYBEY, STEPHEN
E. MISLICH, GREGORY S. MORRIS
and EARL S. DAVIS,

     Plaintiffs,

v.

HOWARD PETERS, III, Secretary
of the Illinois Department of
Human Services, MARY BASS,
Head Facility Administrator
for the Illinois Department of
Public Services, TIMOTHY BUDZ,
Facility Director of the
Sexually Violent Persons Unit
at the Sheridan Correctional
Center, KENNETH COOPER, Former
Warden of the Sheridan
Correctional Center, and
ROBERTA FEWS, Warden of the
Sheridan Correctional Center,

     Defendants.

Case No. 99 C 2861

Consolidated with
No. 99 C 3005
No. 99 C 3009
No. 99 C 4014

Judge Harry D. Leinenweber


DOCKETED
MAY 22 2000

## MEMORANDUM OPINION AND ORDER

A "sexually violent person" ("SVP") under the Illinois Sexually Violent Person Act, 725 ILCS 207/1 et seq. (the "Act"), is one who has been convicted or found not guilty by reason of insanity of a sexually violent offense and is found to be subject to a mental disorder which makes it substantially probable that the person will commit future acts of sexual violence. "A sexually violent offense" includes sexually motivated murder as well as predatory criminal assault on a child and other crimes of sexual

violence. The constitutionality of the Act was upheld by the Illinois Supreme Court. <u>In re the Detention of David Samuelson</u>, 189 Ill. 2d 548, ___ N.E.2d ___ (Ill. 2000). The Act sets up an elaborate civil procedure to commit SVPs to the custody of the Illinois Department of Human Services ("HMS"). If the committed person constitutes a danger the Act directs that he be housed in a secure facility until he no longer is a sexually violent person. The Act directs HMS to enter into an agreement with the Illinois Department of Corrections ("DOC") for such a secure facility but the facility is nevertheless to be operated by HMS. Currently the facility used to house the SVPs is located at the Sheridan correctional Center. While there is a law library located at Sheridan, its use is restricted to inmates in the custody of the DOC.

## DISCUSSION

The plaintiffs have either been committed as SVPs or are awaiting trial for commitment and are currently housed at Sheridan. This suit attacks the conditions of their confinement and is brought in multiple counts. The motion that is the subject of this memorandum opinion deals only with the first two counts of the complaint which allege violations of equal protection based on denial of access to the Sheridan law library. Count I seeks strict scrutiny asserting that denial of access impedes plaintiffs' fundamental right of access to the courts, while, alternatively,

Count II contends that denial of the SVPs' access to the law library is irrational.

This motion, brought by the defendants, officials of DHS and DOC, seeks dismissal of Counts I and II. They argue that, while access to the courts is a fundamental right, denial of access to a law library is not a right cognizable absent a specific allegation that denial has actually impeded, or threatens to impede, access to the courts. Since plaintiffs make no such allegation they lack standing based on Lewis v. Casey, 116 S.Ct.2174, 2178-79 (1996). Defendants also argue that classification as SVPs is not a suspect classification for equal protection analysis and committed SVPs are not similarly situated to convicted felons and there are rational, legitimate reasons to exclude them from use of the library.

Plaintiffs answer that Lewis v. Casey involved the due process clause, while they are claiming standing under the equal protection clause, citing Northeastern Florida Chapter of Associated General Contractors v. City of Jacksonville, 113 S.Ct. 2297 (1993). Also, since the fundamental right of access to the courts is implicated, strict scrutiny must be employed, so that denial of library privileges cannot pass muster. Plaintiffs alternatively argue that it is irrational to treat them differently from convicted felons.

At the time the original law library case, Bounds v. Smith, 97 S.Ct. 1491 (1977), was handed down, the right of access to the courts had already been established in that government was

prohibited from impeding that right by affirmative acts, such as prohibiting the filing of lawsuits. Bounds expanded upon that right in establishing under certain circumstances a duty affirmatively to assist the "fundamental right to access to the courts." It required prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 97 S.Ct. at 1498. In Lewis v. Casey, 116 S.Ct. 2174 (1996), the Court held that an inmate seeking to pursue a Bounds violation must show actual injury in order to do so. In other words, he must demonstrate that the Bounds violation actually impeded his access to the courts. The Court explained that separation of powers prevents a court from providing a remedy where there is no such demonstration because the political branches have the duty to shape the institutions of government to comply with the laws and Constitution. The courts, on the other hand, only have jurisdiction to provide remedies to those individuals or classes who have suffered or will imminently suffer, actual harm. 116 S.Ct. at 2179. Since plaintiffs here, like in Lewis, have failed to identify any harm or detriment that they have experienced or will imminently experience Lewis as urged by defendants appears to doom their claim.

As noted previously plaintiffs attempt to distinguish their claims from those in Lewis by asserting that Lewis involved the due

- 4 -

process clause rather than the equal protection clause. Plaintiffs cite <u>Northeastern Florida Chapter</u> as authority giving them standing to pursue this suit. In that case, a trade group was given standing to challenge an ordinance granting preferential treatment in awarding city contracts to minority owned businesses. The Court of Appeals had reversed an injunction prohibiting enforcement because the association could not show that any of its members would have received a contract absent the ordinance. The Supreme Court reversed the appeals court and declared that when the government erects a barrier making it harder for a group to obtain a benefit at the expense of a preferred group, the existence of the barrier is sufficient to grant standing.

There are two problems with plaintiffs' reliance on <u>Northeast Florida Chapter</u>. First, it is not at all clear that the right of access to court is a due process right rather than an equal protection right. The Supreme Court has not clearly established the constitutional source of the right of access, a point made by Justice Thomas in his concurring opinion in <u>Lewis</u>. See <u>Lewis</u>, 116 S.Ct. at 2187 (Thomas, J. concurring) where he compares <u>Pennsylvania v. Finley</u>, 107 S.Ct. 1990, 1994 (1987)(the prisoner's right of access is an aspect of equal protection) with <u>Procunier v. Martinez</u>, 94 S.Ct. 1800, 1814 (1994)(Prisoner's right of access is a consequence of due process). An affirmative action taken to prevent an inmate from filing a lawsuit would seem to implicate due

process, while the negative, failing affirmatively to provide assistance to an inmate who is unable to access the courts on his own would seem to implicate equal protection. Whatever the source of the right, there does not appear to be any good reason (and plaintiffs suggest none) to allow standing for a denial of access equal protection claim under circumstances where it would be denied for a due process claim. In fact, federal jurisdiction for pure due process claims is broader. A plaintiff, who has been denied a fair hearing in violation of due process, can bring a claim for nominal damages even in the absence of actual damages. <u>Carey v. Piphus</u>, 435 U.S. 247, 98 S.Ct. 1042 (1978). This is not the case for denial of access to the courts, which in and of itself is "entirely lacking in intrinsic value." <u>Walters v. Edgar</u>, 163 F.3d 430, 434 (7th Cir. 1998).

In any event <u>Northeast Florida Contractors</u> does not dispense with the actual injury requirement. The court found that the detriment or "barrier" imposed by the City of Jacksonville which made it more difficult for non-minority contractors to obtain government contracts was sufficient injury to provide standing. Similarly, <u>Lewis</u> holds that to provide standing to pursue a claim for denial of access to the courts a plaintiff must identify some roadblock imposed by the state making it more difficult for a particular person or group to go to court. Depending on the circumstances a particular person or group may need some special

assistance to go to court; one can think of examples such as the non-English speaking and the illiterate. According to <u>Bounds</u>, the Constitution dictates assistance but does not dictate any particular form of assistance, whether it be appointed counsel, availability of forms, or a law library. In this case it is obvious that there is no governmental imposed impediment which makes it difficult for plaintiffs to go to court. The Act provides for appointed counsel at all of its steps and plaintiffs (or at least most of them) have appointed counsel bringing this suit. The existence of appointed counsel and the fact that plaintiffs, whether represented or not, have had no difficulty in bringing this suit demonstrates conclusively that their access to the courts has not been impeded and they cannot allege (and have not alleged) constitutional harm. <u>Walters v. Edgar</u>, 163 F.3d 430, 435 (7th Cir. 1998). Accordingly they have failed to allege sufficient standing to bring Count I.

Plaintiffs' Count II is straightforward: convicted felons at Sheridan have access to the law library while the plaintiffs, confined SVPs, do not. Plaintiffs allege that no rational basis exists for this disparate treatment. They claim that at pleading stage this is sufficient to withstand a motion to dismiss.

However, this count fails for the same reason as Count I: the plaintiffs have failed to plead an actual injury resulting from the denial of access to the law library. Plaintiffs contend that this

disparate treatment is the actual injury and is sufficient. Plaintiffs however have cited no case in support of this proposition. And there are cases galore that hold that lack of access to a law library alone does not constitute injury in the absence of loss of access to the courts. The point is that unequal treatment among identifiable groups do not constitute denial of equal protection unless the unequal treatment results in some identifiable detriment. If the plaintiffs were denied access to any reading material, rather than just law books, a constitutional injury could probably be established. Denial of the "right to browse" in the law library, however, is not an injury. See, e.g., Smith v. Shawney Library System, 60 F.3d 317, 323 (7th Cir. 1995) and the cases there cited.

Even if the disparate treatment with regard to the use of the law library alone could be alleged to constitute an injury, plaintiffs' argument ignores the fact that the state legislature in the Act specifically directs that SVPs be segregated from prison inmates. The Act places custody of SVPs under DHS and not the DOC. It directs that the DOC shall, by agreement with DHS, provide a secure facility for the housing of the SVPs. The Act provides that the DHS, and not DOC, "shall operate the facility . . . and shall provide by rule for the nature of the facility, the level of care to be provided in the facility, and the custody and discipline of the persons placed in the facility." Consequently the Act provides

for a separate, not a shared facility, although perhaps within the same walls of a DOC facility, for the exclusive use of the SVPs. Therefore is it unreasonable that the DHS did not contract with the DOC for the use of the law library? The fact that separation is mandated by statute makes the separation presumptively constitutional and reasonable. Shango v. Jurich, 965 F.2d 289, 292 (7th Cir. 1992). It is the plaintiffs' burden to show that such law or regulation is not reasonably related to legitimate governmental interests. Id.; Smith v. Shawnee Library System, 60 F.3d 317, 323(7th Cir. 1995). A court is free to uphold a classification based upon any state of facts that reasonably can be conceived upon which to base distinction in state policy. Scariano v. Justices of the Supreme court of the State of Indiana, 852 F.Supp. 708, 715 (7th Cir. 1994). Defendants have suggested several reasons for the distinguishing between the SVPs and the general prison population with respect to the use of the library. For example, distinguishing characteristics of committed SVPs are that they have previously committed acts of sexual violence and currently suffer from mental disorders making "it substantially probable that they will engage in future acts of sexual violence." Many are pedophiles (one of the sexually violent offenses is predatory criminal assault on a child). Some would be at risk of harm at the hands of the general prisoner population. Their presence could well be disruptive. These are sufficient reasons to

justify the disparate treatment. Accordingly, Count II is dismissed also.

### CONCLUSION

Therefore, for the foregoing reasons, the defendants' motion to dismiss Counts I and II of plaintiffs complaint is granted.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: May 18, 2000